UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDREW BARNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00397-JMS-MJD |
| G. HARLOW, | ) ) ) | |
| Defendant. | ) | |

**Order Granting in Part and Denying in Part
Motion for Summary Judgment**

Plaintiff Andrew Barnett, an inmate incarcerated at the United States Penitentiary in Coleman, Florida, filed this civil action based on events that occurred while Mr. Barnett was incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). He alleges that Officer Harlow physically assaulted him on March 2, 2017, and allowed another inmate to sexually assault him on March 3, 2017.

The defendant seeks summary judgment arguing that Mr. Barnett failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Barnett has not opposed the motion for summary judgment.[1] For the following reasons, the motion for summary judgment, dkt. 22, is granted in part and denied in part.

---

[1] Although Mr. Barnett alleged in his complaint that he had exhausted his administrative remedies, dkt. 2, and filed an explanation concerning his failure to exhaust administrative remedies prior to the defendant filing his motion for summary judgment, dkt. 21, he did not respond to the defendant's motion for summary judgment. Mr. Barnett also did not respond to the Court's Order extending the deadline to respond and informing him that, if he failed to respond, the Court would treat the motion for summary judgment as unopposed. *See* dkt. 25.

## I. Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder

could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91; *see also Dale v. Lappin,* 376 F.3d

652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

It is the defendant's burden to establish that the administrative process was available to Mr. Barnett. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendant must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

Mr. Barnett failed to respond to the motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Barnett has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Statement of Facts

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Barnett as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### A. Federal Administrative Remedy Procedure

The Federal Bureau of Prisons ("BOP") maintains an administrative remedy procedure, *see* 28 C.F.R. §§ 542.10 et seq., and USP-TH has promulgated an Institution Supplement with additional information. Upon arrival at USP-TH, an inmate participates in an orientation that includes an explanation of the administrative remedy process and instructions on how to use the law library to access BOP policy and the facility-specific supplements.

When an inmate submits an administrative remedy request, facility staff log it into the BOP's electronic record system, the SENTRY database. Each entry receives a remedy identification number and includes the inmate's Federal Register Number and a short description of the request that often contains abbreviations due to limited space. Through the SENTRY database, facility staff have access to all of an inmate's administrative remedies in a single document.

The federal administrative remedy procedure requires inmates to first attempt to resolve a complaint informally through a submission commonly referred to as a "BP-8." Because this is an informal attempt at dispute resolution, it is not recorded in the SENTRY database. If the informal resolution is not successful, an inmate may file a formal complaint with the Warden within twenty days of the date on which the alleged underlying incident occurred by filing a "BP-9." The

SENTRY database identifies BP-9 submissions with the notation "F1" after the remedy identification number.

If an inmate is not satisfied with the Warden's response to his BP-9 submission, he may appeal to the Regional Office through a submission referred to as a "BP-10." The SENTRY database records BP-10 submissions with an "R1" notation following the remedy identification number. If the Regional Office's response is unsatisfactory, an inmate may further appeal to the General Counsel through a submission called a "BP-11." The SENTRY database identifies BP-11 submissions with the notation "A1" after the remedy identification number. This is the final administrative appeal.

The administrative remedy process is different, however, for allegations of sexually abusive behavior or an alleged incident of sexually abusive behavior. First, an inmate is not required to attempt to informally resolve allegations of sexually abusive behavior. Second, the twenty-day timeline applicable to the filing of a BP-9 is not applicable. Rather, "[a]ny allegations of sexually abusive behavior, or an alleged incident of sexually abusive behavior, may be filed at any time." Dkt. 22-2 at 6.

### B. Mr. Barnett's Use of the Administrative Remedy Procedure

Mr. Barnett was incarcerated at USP-TH from May 16, 2016, through May 8, 2017. He submitted nine administrative remedy requests between March 1, 2017, and September 1, 2018. Only two of these requests, No. 897779 and No. 898718, are relevant to the allegations in Mr. Barnett's complaint.

#### 1. Inmate PREA Request

Mr. Barnett initiated Request No. 898718 (the "Inmate PREA Request") on March 6, 2017, with a handwritten informal resolution request. He alleged that he was placed in a cell with another

inmate who assaulted him, and he asked to be moved to a place where he would not be targeted by either sexual predators or members of his former gang. This request was submitted for investigation, and it was determined that no further review was required.

> Mr. Barnett completed a BP-9 remedy request on April 12, 2017. In this request, he stated:
>
> When I came to special housing, I was forced into a cell with: an inmate who's black, (I'm white . . . ) on a disciplin [sic] report, (I'm verified P.C. . .) The inmate was also know [sic] to Lt. Baker and G. Harlow (the staff who forced me in with the black inmate) to be an aggressive homosexual and predatory sex offender . . . Staff, by their lack of classification and deliberate indifference, caused me to be sexually assaulted by the above inmate, (Corey Locket).
>
> Re-cap: I was assaulted because of Lt. Baker's deliberate indifference . . . and C.O. G. Harlow's malicious and sadistic disregard for my personal safety.

Dkt. 22-10 at 6. Mr. Barnett was transferred away from USP-TH on May 8, 2017, less than one month after writing the BP-9.

The Acting Warden responded to Mr. Barnett's request on June 13, 2017, informing Mr. Barnett that the matter would be reviewed and the issue would be forwarded to the appropriate investigative authority if it was determined that staff acted inappropriately. Mr. Barnett was told that he would not receive information regarding the outcome of any staff investigation. This response also notified him that he could appeal the response and that any appeal needed to be received within twenty days of the date of the response. Mr. Barnett took no further action with respect to the Inmate PREA Request.

### 2. Staff PREA Request

The other request relevant to the allegations in the complaint is Request No. 897779 ('the "Staff PREA Request"). Mr. Barnett initiated this sensitive administrative remedy request on March 21, 2017, and the Regional Office received it on April 3, 2017. He alleged that, on March 21, 2017, Officer Harlow sexually harassed him and told other inmates that he had been sexually

7

assaulted by another inmate. The Staff PREA Request was submitted to the Regional Office, and the Regional Director responded on April 28, 2017. The Regional Director informed Mr. Barnett that his allegation had been referred for investigation and he would be notified of the outcome. Mr. Barnett was informed of his ability to appeal the response and the deadline for doing so. Mr. Barnett took no further action on the Staff PREA Request.

### III. Discussion

Officer Harlow asserts that Mr. Barnett's claims are procedurally barred due to his failure to exhaust the administrative remedies available to him. In his complaint, Mr. Barnett presents two claims: (1) that Officer Harlow assaulted him on March 2, 2017; and (2) that Officer Harlow failed to protect him from sexual assault by another inmate on March 3, 2017. The Court will examine each of these claims in turn.

#### A. Physical Assault by Officer Harlow

The uncontested facts demonstrate that Officer Harlow has met his burden of proving that Mr. Barnett has not exhausted his administrative remedies as to his claim that Officer Harlow assaulted him on March 2, 2017. First, Officer Harlow has shown that Mr. Barnett "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Mr. Barnett availed himself of the administrative remedy process both before and after the alleged assault, which, absent evidence to the contrary, supports the assertion that he was informed of the process and knew how to use it.

Second, Officer Harlow has met his burden of showing that Mr. Barnett failed to exhaust his administrative remedies before filing this lawsuit. The level of detail necessary in a grievance will vary from system to system and claim to claim. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "In the absence of more specific requirements in the grievance procedure, the exhaustion requirement

is modest: prisoners must only put responsible persons on notice about the conditions about which they are complaining." *Wilder v. Sutton*, 310 F. App'x 10, 15 (7th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

The allegations in the Inmate PREA Request cannot be read to provide notice about a complaint that Officer Harlow assaulted Mr. Barnett. Although the Inmate PREA Request details Mr. Barnett's complaints about being placed in a cell with another inmate who was known by prison staff to be aggressive and sexually predatory, there are no allegations in either the BP-8 or the BP-9 that Officer Harlow physically assaulted Mr. Barnett.

Similarly, the Staff PREA Request is not sufficient to provide notice that Officer Harlow physically assaulted Mr. Barnett on March 2, 2017. In the Staff PREA Request, Mr. Barnett alleges that Officer Harlow made derogatory sexual comments to him and informed other inmates that he had been the victim of sexual assault. Mr. Barnett states this took place on March 21, 2017. There are neither allegations related to the incident on March 2, 2017, nor allegations of physical assault by Officer Harlow.

Mr. Barnett did not exhaust the available administrative remedies with respect to his claim that Officer Harlow physically assaulted him. Consequently, in light of 42 U.S.C. § 1997e(a), this claim should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice").

### B. Failure to Protect

With respect to Mr. Barnett's failure to protect claim, Officer Harlow acknowledges that the Inmate PREA Request covers this alleged incident. *See* dkt. 23 at 11. However, he asserts that

9

he is entitled to summary judgment because Mr. Barnett did not take further action after receiving a response from the Acting Warden with respect to the Inmate PREA Request.

The exhaustion requirement does not mean that an inmate must continue to pursue administrative remedies when he has received the relief he requested and no other relief is available. *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) ("Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. When there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete." (quoting *Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004)).

In his BP-8, Mr. Barnett requested to be moved to a location where he would not be targeted by sexual predators or members of his former gang. There is no specific relief requested in his BP-9, but it is undisputed that Mr. Barnett was transferred out of USP-TH on May 8, 2017, before the Acting Warden responded to the BP-9. Thus, he received the only relief he requested. Officer Harlow's argument that Mr. Barnett "should have appealed to higher channels after receiving the relief he requested in his grievances is not only counter-intuitive, but it is not required by the PLRA." *Thornton*, 428 F.3d at 697. Therefore, Mr. Barnett exhausted the available administrative remedies with respect to his failure to protect claim. Officer Harlow's motion for summary judgment is denied with respect to this claim.

## IV. Conclusion

Officer Harlow's motion for summary judgment, dkt. [22], is **granted in part and denied in part**. The motion for summary judgment is **granted** with respect to Mr. Barnett's excessive force claim. That claim is **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401

(7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice"). No partial judgment shall issue at this time.

The motion for summary judgment is **denied** with respect to Mr. Barnett's failure to protect claim. The current record before the Court shows that the plaintiff is entitled to summary judgment on Officer Harlow's affirmative defense of exhaustion. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gives Officer Harlow notice of its intent to grant summary judgment in the plaintiff's favor on this claim. Officer Harlow shall have **through July 2, 2019,** in which to respond to the Court's proposal. Alternatively, Officer Harlow may withdraw his affirmative defense by this date.

**IT IS SO ORDERED.**

Date: 6/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANDREW BARNETT
71117-065
COLEMAN - II USP
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov